## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| GITI TIRE GLOBAL TRADING PTE. LTD., GITI RADIAL TIRE (ANHUI) COMPANY LTD., AND GITI TIRE (FUJIAN) COMPANY LTD<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Court No. 24-00083 |

## COMPLAINT

Pursuant to Rule 3(a)(2) of the Rules of the United States Court of International Trade ("CIT"), Plaintiffs, Giti Tire Global Trading Pte. Ltd., Giti Radial Tire (Anhui) Company Ltd., and Giti Tire (Fujian) Company Ltd (collectively, "Plaintiffs" or "Giti"), by and through their attorneys, allege herein as follows:

### DETERMINATION TO BE REVIEWED

1. Plaintiffs contest certain aspects of the U.S. Department of Commerce's (the "Department") amended final results in the seventh administrative review of the antidumping order covering Certain Passenger Vehicle and Light Truck Tires from China, published in the *Federal Register* on April 15, 2024. *See Certain Passenger Vehicle and Light Truck Tires from the People's Republic of China: Amended Final Results of Antidumping Duty Administrative Review; 2021-2022*, 89 Fed. Reg. 26130 (April 15, 2024) ("Amended Final Results").

## JURISDICTRION

2. This Court has jurisdiction over this proceeding pursuant to 28 USC § 1581(c) because this action is commenced under 19 USC § 1516a(a)(2)(B)(iii).

3. Alternatively, this court has jurisdiction over this proceeding pursuant to 28 USC § 1581(i) because this case arises from a determination made by the United States concerning "tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue." 28 USC § 1581(i)(1)(B).

## TIMELESS OF ACTION

4. The Department's Amended Final Results were published in the *Federal Register* on April 15, 2024. Pursuant to 19 USC § 1516a(a)(2)(A)(i), the Plaintiffs commenced this action by timely filing a Summons with this Court on April 17, 2024, which was a mere two days after the date the Amended Final Results were published in the *Federal Register,* and are now filing the Complaint within thirty days after filing of the Summons. Accordingly, this action is timely in accordance with 28 USC § 2636(c) and within the time limits specified in 19 USC § 1516a(a)(2)(A)(i)(I) and United States Court of International Trade Rule 3(a)(2).

## STANDING

5. Plaintiffs were mandatory respondents in the underlying antidumping duty administrative review thus actively participated in that proceeding. Plaintiffs are foreign manufacturers, producers, and exporters of subject merchandise and are therefore "interested parties" within the meaning of 19 USC §§ 1677(9)(A). Accordingly, Plaintiffs have standing to commence this action pursuant to 19 U.S.C. § 1516a(d) and 28 U.S.C.§ 2631(c).

## **PROCEDURAL HISTORY**

6. On October 11, 2022, the Department initiated the seventh administrative review of the antidumping order on certain passenger vehicle and light truck tires from China. *See Initiation of Antidumping and Countervailing Duty Administrative Reviews,* 89 Fed. Reg. 61278 (Oct. 11, 2022).

7. The Department selected Giti and Sumitomo (Hunan) Co., Ltd., Sumitomo (Changshu) Co., Ltd., and Sumitomo Rubber Industries, Ltd. (collectively, "Sumitomo") as mandatory respondents in this administrative review. *See* Memorandum from Peter Shaw, International Trade Compliance Analyst, AD/CVD Operations, Office VII, to Shawn Thompson, Acting Senior Director, AD/CVD Operations, Office VII, regarding "Respondent Selection Memorandum" (Dep't of Commerce Feb. 1, 2023).

8. On February 2, 2023, the Department issued an initial questionnaire to Giti. *See* Letter from Manuel Rey, Program Manager, AD/CVD Operations, Office IX, Enforcement and Compliance, to Giti, care of Matthew McConkey, Mayer Brown LLP, regarding "Administrative Review of the Antidumping Duty Order on Certain Passenger Vehicle and Light Truck Tires from the People's Republic of China: Request for Information" (Dep't of Commerce Feb. 2, 2023) (the "Initial Questionnaire").

9. In Section C of the Initial Questionnaire, the Department asked Giti to compile a database of subject merchandise sales it had made in the United States during the period of investigation ("POR") of the administrative review. In the database instructions, the Department instructed Giti to "{r}eport each U.S. sale of merchandise entered for consumption during the POR, except: (1) for EP sales, if you do not know the entry dates, report each transaction involving merchandise shipped during the POR; and (2) for CEP sales made after importation,

report each transaction that has a date of sale within the POR. If you believe there is a reason to report your U.S. sales on a different basis, please contact the official in charge before doing so." *See* Initial Questionnaire at page C-1. As all of Giti's period of review sales were CEP, Giti used the date of sale within the POR to identify the universe of U.S. sales (regardless of the date of entry). Giti's CEP sales were made through two channels of distribution – (1) full container sales shipped directly from China to the first unaffiliated U.S. customer and (2) sales made from inventory from Giti's U.S. distribution centers. With respect to Channel 1, Giti reported the shipment date from China as the date of sale in accordance with the Department's practice. For these sales, the date of entry was known and reported to the Department. With respect to Channel 2, Giti reported the invoice date from U.S. distribution center as the date of sale. For these sales, the date of entry was unknown and not reported.

10. On April 27, 2023, the Department issued a letter soliciting comments from parties regarding the selection of a surrogate market economy country, and the selection of surrogate values in the administrative review. Giti, Sumitomo, and the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-VOP, CLC (the "Petitioner"), submitted surrogate country, and surrogate value comments between May 16, 2023 and May 18, 2023. Giti and Sumitomo each submitted rebuttal surrogate value comments on May 25, 2023, while the Petitioner provided additional factual information related to surrogate values on that date.

11. On September 7, 2023, the Department issued the preliminary results of the administrative review in the *Federal Register*. *See Certain Passenger Vehicle and Light Truck Tires from the People's Republic of China: Preliminary Results of Antidumping Duty Administrative Review, Partial Rescission, and Preliminary Determination of No Shipments;*

*2021–2022*, 88 Fed. Reg. 61506 (Sept. 7, 2023) ("Preliminary Results"), and accompanying Issues and Decision Memorandum (August 30, 2023). In the Preliminary Results, the Department determined that Giti's weight average dumping margin for the period of review was 104.21%, while Sumitomo's margin was 68.48%.

12.     On October 13, 2023, Giti submitted its Case Brief discussing issues raised in the Preliminary Results. *See* Letter from Matthew J. McConkey, Mayer Brown LLP, to the U.S. Dep't of Commerce, entitled "Giti Case Brief" (Oct, 12, 2023) ("Giti Case Brief"). In its Case Brief, Giti raised an issue with the Department's use of surrogate values when calculating the freight component for inputs transported by boat in the Preliminary Results. Specifically, Giti stated that "[w]hen calculating the freight component for inputs transported by boat, rail, or truck, the surrogate values are typically multiplied by the distance in kilometers" and that the Department "used a surrogate value for ocean freight (BOAT_SV) stated only on a USD per kilogram basis." *See* Giti Case Brief at 5. Giti therefore concluded that "[t]he Department should apply the revised USD/kg/km BOAT_SV for all FOP inputs transported by boat" in its final calculations. *See* Giti Case Brief at 6.

13.     Sumitomo and the Petitioner also submitted Case Briefs on October 13, 2023.

14.     On October 24, 2023, Giti, Sumitomo, and the Petitioner submitted rebuttal Case Briefs. In its rebuttal Case Brief, Petitioner contested Giti's argument about the calculation of the surrogate value rate for ocean freight, saying that, because "Giti only submitted those calculations, and the underlying data it needed to calculate them, in *rebuttal* to ocean freight information placed on the record by other parties," Commerce should reject this argument per 19 C.F.R. § 351.301(c)(3)(iv). *See* Letter from Nicholas J. Birch, Schagrin Associates, to the U.S. Dep't of Commerce, entitled "Petitioner's Rebuttal Brief" (resubmitted November 7, 2023) at 19-20 (emphasis in original).

15.     On March 14, 2024, the Department issued the original Final Results of the administrative review (not to be confused with the Amended Final Results that are the subject of this complaint) in the *Federal Register*. *See Certain Passenger Vehicle and Light Truck Tires from the People's Republic of China: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments; 2021-2022*, 89 Fed. Reg. 17817 (March 12, 2024) ("Original Final Results") and accompanying Issues and Decision Memorandum (March 5, 2024) ("Original Final IDM"). In the Original Final Results, the Department revised its preliminary determination and concluded that that Giti's weight average dumping margin for the period of review was 53.41%, while Sumitomo's margin was revised down to 2.47%.

16.     In its discussion of the ocean freight surrogate value calculation issue in its Original Final IDM, the Department did not accept Petitioner's contention that Giti's surrogate value should not be accepted because it was provided in a rebuttal. Instead, the Department argued that its approach to the ocean freight surrogate value was appropriate because "there is nothing on the record to support this approach or to show why revising this calculation would not be distortive." *See* Original Final IDM at 43-44. Moreover, the Department concluded that its "source used for the boat freight {surrogate value}, Maersk, reports the data on a USD per kg basis as a flat fee for the shipment of a container to a specific location." *See id.* Moreover, the Department "declined to revise the boat freight {surrogate value} used in the prior review for similar reasons" and "continued to use the Maersk data for the boat freight SV on a USD per kg basis." *See id* (citations omitted).

17.     On March 12, 2024, Giti filed a timely allegation of ministerial error in response to the Original Final Results. *See* Letter from Matthew J. McConkey, Mayer Brown LLP, to the U.S. Dep't of Commerce, entitled "Ministerial Error Comments*"* (March 12, 2024) (the "Ministerial

6

Error Allegation"). Giti restated its position, as initially communicated in its Case Brief, that the Department had " made a ministerial error when calculating the boat freight on inputs transported by boat by using a surrogate boat freight value stated on a per-kilogram basis in a calculation that multiplies the input quantity by the distance." *See* Ministerial Error Allegation at 4. Giti urged the Department to "correct this error using the per-kilogram, per-kilometer value on the record" and revise the final results of the review. *See id.*

18.     On March 29, 2024, the Department issued a memorandum analyzing Giti's ministerial error allegation and announcing its intention to amend the *Original Final Results* in the administrative review. *See* Memorandum from Terre Keaton Stefanova, Senior International Trade Compliance Analyst, Office IX, Antidumping and Countervailing Duty Operations, to James Maeder, Deputy Assistant Secretary for Antidumping and Countervailing Duty Operations, regarding "Analysis of Ministerial Error Allegation" (Dep't of Commerce Mar. 29, 2024) ("Ministerial Allegation Analysis Memo").

19.     In its Ministerial Allegation Analysis Memo, the Department acknowledged that it had indeed "made a ministerial error with respect to the calculation of boat freight." *See* Ministerial Allegation Analysis Memo at 3. Specifically, the Department noted that:

> {A}s Giti also noted, in our calculations we applied the boat freight SV by multiplying the input quantity in kilograms by the boat freight SV, as well as the reported distance. This is mathematically incorrect, given that the boat freight SV is stated on a U.S. dollars per kilogram basis. As such, there should be no distance component included in the calculation of the boat freight and we find our inclusion of distance in the calculation is an error in arithmetic function.

*See* Ministerial Allegation Analysis Memo at 4.

20.     In addition, the Department noted that it had "made a typographical error in Exhibit 1-B of the {surrogate value} spreadsheet by labelling that the ocean freight rate was stated on a per kilogram, per-kilometer basis" when the ocean freight surrogate value :was "actually stated on a

7

per-kilogram basis" as it acknowledged in the Original Final Results. *See* Ministerial Allegation Analysis Memo at 3. The Department restated its preference for the Maersk data (discussed in detail in paragraph 16 above) in calculating the boat freight surrogate value, saying that it "disagree[d] that there is any basis to revise the calculation of the boat freight {surrogate value}, as Giti contends, because as the petitioner noted, our use of the boat freight {surrogate value} on a per-kilogram basis was a methodological decision and, thus, not a ministerial error as defined in 19 CFR 351.224(f)." *See id.* at 3-4.

21.     On March 29, 2024, the Department also released a memorandum detailing the calculations to arrive at Giti's amended weight average dumping margin. *See* Memorandum from Whitley Herndon, Program Manager, AD/CVD Operations, Office IX, to The File, regarding "Calculations for Giti for the Amended Results" (Dep't of Commerce Mar. 29, 2024).

22.     On April 15, 2024, the Department issued the Amended Final Results. In these results, the Department determined that Giti's weight average dumping margin for the period of review was 20.52%. In the section discussing assessment rates, the Department noted that "{p}ursant to {the Department's} assessment practice, for entries that were not reported in the U.S. data submitted by Giti, we will instruct to CBP to liquidate such entries at the China-wide rate (*i.e.* 75.46)". *See* Amended Final Results at 89 Fed. Reg. 26131. The Department cited *Non-Market Economy Antidumping Proceedings: Assessment of Antidumping Duties,* 78 Fed. Reg. 65694 (Dep't of Commerce Oct. 24, 2011) as the source of this assessment practice.

## COUNT 1

23.      Paragraphs 1 – 22 are hereby incorporated by reference.

24.     The Department's statement that it intends to issue assessment instructions that direct CBP to liquidate entries that were not reported in the U.S. data submitted by Giti at the China-

wide rate is not supported by substantial evidence and is otherwise contrary to law. Because Giti properly followed the Department's questionnaire instructions and practice, it reported its U.S. CEP sales with a date of sale within the POR. As such, there were, of course, import entries of Giti subject merchandise during the period of review that were not reported in the U.S. sales data, or that were only reported partially. Subjecting such entries to the China-wide rate is thus inappropriate, as there is no basis for application of the China-wide rate to those entries, and accordingly is not supported by substantial evidence and is not in accordance with law.

## COUNT 2

25.     Paragraphs 1 – 24 are hereby incorporated by reference.

26.     The Department recognized that it made a mathematical error in the original Final Results, however, it did not appropriately correct this error in the Amended Final Results. The Department's correction in the Amened Final Results applies the same per-unit expense for all boat freight regardless of the distance. This is contrary to the Department's normal methodology, which is to "[m]ultiply the shorter distance (the SIGMA Cap) by the mode specific transportation charge." Giti provided distance information on the record to calculate a per-kilogram, per-kilometer rate using the same surrogate value from Maersk used by the Department. The Department should have used this per-kilogram, per-kilometer value for the *Amended Final Results.*

## **REQUEST FOR JUDGMENT AND RELIEF**

27.     WHEREFORE, Giti respectfully request that this Court enter judgment in its favor and against Defendant, declare that the Department erred in the Amended Final Results as alleged herein, and remand this matter to the Department to issue liquidation instructions that recognize that the China-wide rate is not applicable to any period of review Giti entries, reconsider its valuation of boat freight on inputs, and grant Plaintiffs such further relief as the Court may deem appropriate.

Dated: May 14, 2024                                             Respectfully submitted,

/s/Matthew J. McConkey

Counsel to Giti Tire Global Trading Pte. Ltd., Giti Radial Tire (Anhui) Company Ltd., and Giti Tire (Fujian) Company Ltd

Mayer Brown LLP
1999 K Street NW
Washington, DC 20006
(202)-263-3235

## CERTIFICATE OF SERVICE

I, Matthew J. McConkey, certify that on May 14, 2024, I notified the interested parties listed below, who were party to the decision being contested, by mailing copies of the foregoing Summons by certified mail, return receipt requested.

Roger B. Schagrin, Esq.
Representative of United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC ("USW")
Schagrin Associates
900 7th Street, NW, Suite 500
Washington, DC 20001
Phone: 202-223-1700
Email: rschagrin@schagrinassociates.com

Gregory S. Menegaz, Esq.
Representative of Qingdao Lakesea Tyre Co., Ltd.; Shandong Province Sanli Tire Manufactured Co., Ltd.; Shandong Haohua Tire Co., Ltd.; Zhaoqing Junhong Co., Ltd.; Qingdao Fullrun Tyre Corp., Ltd.; Shandong Duratti Rubber Corporation Co., Ltd.; Shandong Changfeng Tyres Co., Ltd.; Shandong Transtone Tyre Co.,Ltd.; Mayrun Tyre (Hong Kong) Limited; Roadclaw Tyre (Hong Kong) Limited; Winrun Tyre Co., Ltd
deKieffer & Horgan
1156 15th Street, NW, Suite 1101
Washington, DC 20005
Phone: 202-783-6900
Email: gmenegaz@dhlaw.com

Brandon Petelin, Esq.
Representative of Koryo International Industrial Limited, Qingdao Sentury Tire Co., Ltd., Sentury (Hong Kong) Trading Co., Limited., Shandong Linglong Tyre Co., Ltd., Shandong New Continent Tire Co., Ltd.
Grunfeld Desiderio Lebowitz Silverman Klestadt, LLP
1201 New York Ave NW
Suite 650
Washington DC 20005
Phone: 2027836881
Email: bpetelin@gdlsk.com

Bernd G. Janzen, Esq.
Representative of Sumitomo Rubber (Changshu) Co., Ltd.; Sumitomo Rubber (Hunan) Co., Ltd.; Sumitomo Rubber Industries Ltd.; Hankook Tire China Co., Ltd.; and Jiangsu Hankook Tire Co., Ltd.
Akin Gump Strauss Hauer & Feld LLP
2001 K Street NW
Washington, DC 20006
Phone: 202-887-4000
Email: bjanzen@akingump.com

Ronald M. Wisla, Esq.
Representative of Crown International Corporation
Fox Rothschild LLP
2020 K Street, NW
Suite 500

Washington, DC 20006
Phone: 2024613100
Email: rwisla@foxrothschild.com

Zhang Yi
Representative of Qingdao Sunfulcess Tyre Co., Ltd., Shandong Hengyu Science & Technology Co., Ltd.,Shandong Yongsheng Rubber Group Co., Ltd., Shouguang Firemax Tyre Co., Qingdao Keter International Co., Limited
Gaopeng & Partners
7th Floor, Tower B, Gateway Plaza, Xiaguangli No. 18, Chaoyang District
Beijing 100027, China
Phone: 00861059241188
Email: zhangyi@gaopenglaw.com

Zhang Ye
Representative of Triangle Tyre Co., Ltd.
Beijing Kang Da Law Firm
8/F, Emperor Group Centre,
No. 12D, Jianwai Avenue,
Chaoyang District,
Beijing, 100022, China
Phone: 00861050867666
Email: ye.zhang@kangdalawyers.com

Lin Gao
Representative of Qingdao Nama Industrial Co., Ltd.; Crown International Corporation
Beijing Goodwill Law Firm 16A, Building D, Fuhua Plaza, No. 8 Chaoyangmen Beidajie, Dongcheng District, Beijing, China
Phone: 010-65543621
Email: glin@chinatradecounsel.com

John Joseph Kenkel
Representative of Prinz Chengshan (Shandong) Tire Company Ltd
International Trade Law Counselors, PLLC
8647 Richmond Highway
Suite 623
Alexandria, Va. 22309
Phone: 757-656-6840
Email: intltradelawcounselors@outlook.com