## UNITED STATES COURT OF INTERNATIONAL TRADE
## BEFORE THE HONORABLE RICHARD K. EATON

| | |
|---|---|
| GITI TIRE GLOBAL TRADING PTE., LTD., GITI RADIAL TIRE (ANHUI) COMPANY, LTD., AND GITI TIRE (FUJIAN) COMPANY LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant<br><br>and<br><br>UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENEGRY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION,<br><br>Defendant-Intervenor. | Court No. 24-00083 |

### PLAINTIFFS' RULE 56.2
### MOTION FOR JUDGMENT UPON THE AGENCY RECORD
### AND MEMORANDUM IN SUPPORT THEREOF

                              Matthew J. McConkey
                              MAYER BROWN LLP
                              1999 K Street NW
                              Washington, DC 20006
                              (202) 263-3235
                              mmcconkey@mayerbrown.com
                              *Counsel to Giti Tire Global Trading Pte.*
                              *Ltd., Giti Radial Tire (Anhui) Company*
                              *Ltd., and Giti Tire (Fujian) Company Ltd.*

Dated: November 5, 2024

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE THE HONORABLE RICHARD K. EATON

| | |
|---|---|
| GITI TIRE GLOBAL TRADING PTE., LTD., GITI RADIAL TIRE (ANHUI) COMPANY, LTD., AND GITI TIRE (FUJIAN) COMPANY LTD., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant <br><br> and <br><br> UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENEGRY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, <br><br> Defendant-Intervenor. | Court No. 24-00083 |

**PLAINTIFFS' RULE 56.2
MOTION FOR JUDGMENT UPON THE AGENCY RECORD**

Pursuant to Rule 56.2 of the Rules of the Court of International Trade, Giti Tire Global Trading Pte. Ltd., Giti Radial Tire (Anhui) Company Ltd., and Giti Tire (Fujian) Company Ltd. (hereinafter "Plaintiffs"), hereby move for judgment upon the agency record with respect to the issues raised in the Complaint filed with the Court on May 14, 2024.

Plaintiffs' action contests the *Amended Final Results* issued by the U.S. Department of Commerce (the "Department" or "Commerce") in the 2021-2022 administrative review of the antidumping duty order on Certain Passenger Vehicle and Light Truck Tires from the People's

Republic of China. *Certain Passenger Vehicle and Light Truck Tires from the People's Republic of China: Amended Final Results of Antidumping Duty Administrative Review; 2021-2022*, 89 Fed. Reg. 26130 (April 15, 2024) ("*Amended Final Results*"). As demonstrated in Plaintiffs' brief in support of this motion, the Department's *Amended Final Results* are not supported by substantial evidence and are otherwise not in accordance with law. Plaintiffs, therefore, respectfully move this Court to grant judgment in its favor and remand the *Amended Final Results* to the Department for reconsideration consistent with the opinion of this Court.

Respectfully submitted,

/s/ Matthew J. McConkey

Matthew J. McConkey

MAYER BROWN LLP
1999 K Street NW
Washington, DC 20006
(202) 263-3235
mmcconkey@mayerbrown.com
*Counsel to Giti Tire Global Trading Pte. Ltd., Giti Radial Tire (Anhui) Company Ltd., and Giti Tire (Fujian) Company Ltd.*

# UNITED STATES COURT OF INTERNATIONAL TRADE
## BEFORE THE HONORABLE RICHARD K. EATON

| | |
|---|---|
| GITI TIRE GLOBAL TRADING PTE., LTD., GITI RADIAL TIRE (ANHUI) COMPANY, LTD., AND GITI TIRE (FUJIAN) COMPANY LTD., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant <br><br> and <br><br> UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENEGRY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, <br><br> Defendant-Intervenor. | Court No. 24-83 |

## **ORDER**

Upon consideration of Plaintiffs' Motion for Judgment Upon the Agency Record, the Court having reviewed the responses thereto, and all other pleadings and proceedings herein, it is hereby,

ORDERED, that the Rule 56.2 Motion of Plaintiffs is hereby granted, and that the U.S. Department of Commerce's *Amended Final Results* in the 2021-2022 administrative review of the

antidumping duty order on *Certain Passenger Vehicle and Light Truck Tires from the People's Republic of China* are vacated and remanded to the agency.

Dated:_____, 2024
      New York, New York                          Richard K. Eaton, Judge

# UNITED STATES COURT OF INTERNATIONAL TRADE
# BEFORE THE HONORABLE RICHARD K. EATON

| | |
|---|---|
| GITI TIRE GLOBAL TRADING PTE., LTD., GITI RADIAL TIRE (ANHUI) COMPANY, LTD., AND GITI TIRE (FUJIAN) COMPANY LTD., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant <br><br> and <br><br> UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENEGRY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, <br><br> Defendant-Intervenor. | Court No. 24-00083 |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR JUDGMENT UPON THE AGENCY RECORD

                                                Matthew J. McConkey
                                                MAYER BROWN LLP
                                                1999 K Street NW
                                                Washington, DC 20006
                                                (202) 263-3235
                                                mmcconkey@mayerbrown.com
                                                *Counsel to Giti Tire Global Trading Pte.*
                                                *Ltd., Giti Radial Tire (Anhui) Company*
                                                *Ltd., and Giti Tire (Fujian) Company Ltd.*

Dated:  November 5, 2024

**TABLE OF CONTENTS**

STATEMENT PURSUANT TO RULE 56.2 ................................................................................... 2
    A.    Administrative Determination Under Review ....................................................... 2
    B.    Statement of Issues ................................................................................................ 2
SUMMARY OF ARGUMENT ....................................................................................................... 2
STATEMENT OF FACTS .............................................................................................................. 3
STANDARD OF REVIEW ............................................................................................................. 6
ARGUMENT ................................................................................................................................... 7
I.    THE DEPARTMENT'S AMENDED FINAL RESULTS INCORRECTLY APPLIED THE SAME PER-UNIT EXPENSE FOR ALL BOAT FREIGHT REGARDLESS OF THE DISTANCE ................................................................................ 7
II.    THE DEPARTMENT'S INSTRUCTION DIRECTING CBP TO LIQUIDATE ENTRIES THAT WERE NOT REPORTED IN THE U.S. DATA SUBMITTED BY GITI AT THE CHINA-WIDE RATE IS NOT SUPPORTED SUBSTANTIAL EVIDENCE AND IS OTHERWISE CONTRARY TO LAW ........................................... 8
CONCLUSION ................................................................................................................................ 9

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Allentown Mack Sales & Sew., Inc. v. NLRB*,
    522 U.S. 359 (1998)..................................................................................................7

*Greater Boston Television Corp. v. FCC*,
    444 F.2d 841 (D.C. Cir. 1970), *cert. denied*, 403 U.S. 923 (1971) ..........................6

*Motor Vehicles Mfrs. Ass'n v. State Farm Mut. Auto Ins. Co.*,
    463 U.S. 29 (1983)....................................................................................................6

*Pohang Iron and Steel Co., Ltd. v. United States*,
    23 C.I.T. 778 (1999) ..............................................................................................7, 8

*Suramerica De Aleaciones Laminadas, et al. v. United States*,
    44 F.3d 978 (Fed. Cir. 1994)....................................................................................6

*Universal Camera Corp. v. NLRB*,
    340 U.S. 474 (1951)..................................................................................................7

**Statutes**

19 U.S.C. § 1516a(b)(1)(B) ................................................................................................6

**Other Authorities**

19 C.F.R § 351.224(f)........................................................................................................5

*Certain Passenger Vehicle and Light Truck Tires from the People's Republic of China: Amended Final Results of Antidumping Duty Administrative Review; 2021-2022*, 89 Fed. Reg. 26130 (Dep't of Commerce April 15, 2024)......................2, 3, 6, 7, 9

*Certain Passenger Vehicle and Light Truck Tires from the People's Republic of China: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments; 2021-2022*, 89 Fed. Reg. 17817 (Dep't of Commerce March 12, 2024) ...........................................................................3, 4, 5

*Non-Market Economy Antidumping Proceedings: Assessment of Antidumping Duties,* 78 Fed. Reg. 65694 (Dep't of Commerce Oct. 24, 2011) ............................6

*People's Republic of China: Final Determination of the Antidumping Duty Investigation*, 82 Fed. Reg. 12,192 (Dep't of Commerce Feb. 1, 2017)...................7

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE THE HONORABLE RICHARD K. EATON

| | |
|---|---|
| GITI TIRE GLOBAL TRADING PTE., LTD., GITI RADIAL TIRE (ANHUI) COMPANY, LTD., AND GITI TIRE (FUJIAN) COMPANY LTD., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant <br><br> and <br><br> UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENEGRY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, <br><br> Defendant-Intervenor. | Court No. 24-00083 |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
MOTION FOR JUDGMENT UPON THE AGENCY RECORD**

Plaintiffs, Giti Tire Global Trade Pte. Ltd., Giti Radial Tire (Anhui) Company, Ltd. and Giti Tire (Fujian) Company Ltd., producers/exporters individually examined in the underlying antidumping administrative review conducted by the U.S. Department of Commerce (the "Department" or "Commerce") in *Certain Passenger Vehicle and Light Truck Tires from the People's Republic of China*, submit this Memorandum of Law in Support of their Motion for Judgment Upon the Agency Record pursuant to Rule 56.2 of the Rules of the United States Court of International Trade (the "Court"). For the reasons set forth below, Plaintiffs respectfully

1

request that the Court grant its Motion for Judgment Upon the Agency Record and remand the Department's *Amended Final Results* in the above-referenced administrative review to the agency for action consistent with this memorandum of law.

## STATEMENT PURSUANT TO RULE 56.2

### A.   Administrative Determination Under Review

The administrative determination to be reviewed in this action is the *Amended Final Results* in the 2021-2022 administrative review of the antidumping ("AD") order on certain passenger vehicle and light truck tires from the People's Republic of China ("China"). *Certain Passenger Vehicle and Light Truck Tires from the People's Republic of China: Amended Final Results of Antidumping Duty Administrative Review; 2021-2022*, 89 Fed. Reg. 26130 (Dep't of Commerce April 15, 2024) ("*Amended Final Results*").

### B.   Statement of Issues

Whether the Department's instruction to the U.S. Customs and Border Protection Agency ("CBP") to liquidate entries that were not reported in the U.S. data submitted by Giti at the China-wide rate is supported by substantial evidence and otherwise in accordance with law, and whether the Department should have used a per-kilogram, per-kilometer value for its calculation of boat freight on inputs.

## SUMMARY OF ARGUMENT

In its Amended Final Results, the Department's correction to its boat freight calculation applies the same per-unit expense for all boat freight regardless of the distance. This is contrary to the Department's normal methodology, which is to "[m]ultiply the shorter distance (the SIGMA Cap) by the mode specific transportation charge." *Giti Final Calc. Memo* at Attachment III (Final Margin Calculation Log) at Lines 1260 – 1267, C.R. 518. Giti provided distance

information on the record to calculate a per-kilogram, per-kilometer rate using the same surrogate value from Maersk used by the Department. The Department should have used this per-kilogram, per-kilometer value for the *Amended Final Results.*

Additionally, the Department's instruction directing CBP to liquidate entries that were not reported in the U.S. data submitted by Giti at the China-wide rate is not supported substantial evidence and is otherwise contrary to law. Because Giti properly followed the Department's questionnaire instructions and practice, it reported its U.S. CEP sales with a date of sale within the POR. As such, there were, of course, import entries of Giti subject merchandise during the period of review that were not reported in the U.S. sales data, or that were only reported partially. Subjecting such entries to the China-wide rate is thus inappropriate, as there is no basis for application of the China-wide rate to those entries, and accordingly is not supported by substantial evidence and is not in accordance with law.

## STATEMENT OF FACTS

On March 14, 2024, the Department issued the original Final Results of the administrative review (not to be confused with the Amended Final Results that are the subject of this complaint) in the *Federal Register*. *See Certain Passenger Vehicle and Light Truck Tires from the People's Republic of China: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments; 2021-2022*, 89 Fed. Reg. 17817 (Dep't of Commerce March 12, 2024) ("Original Final Results") and accompanying Issues and Decision Memorandum (March 5, 2024) ("Original Final IDM"), P.R. 424. In the Original Final Results, the Department revised its preliminary determination and concluded that that Giti's weight average dumping margin for the period of review was 53.41%, while Sumitomo's margin was revised down to 2.47%.

In its discussion of the ocean freight surrogate value calculation issue in its *Original Final IDM*, the Department did not accept Petitioner's contention that Giti's surrogate value should not be accepted because it was provided in a rebuttal. Instead, the Department argued that its approach to the ocean freight surrogate value was appropriate because "there is nothing on the record to support this approach or to show why revising this calculation would not be distortive." *See* Original Final IDM at 43-44, P.R. 424. Moreover, the Department concluded that its "source used for the boat freight {surrogate value}, Maersk, reports the data on a USD per kg basis as a flat fee for the shipment of a container to a specific location." *See id.* Moreover, the Department "declined to revise the boat freight {surrogate value} used in the prior review for similar reasons" and "continued to use the Maersk data for the boat freight SV on a USD per kg basis." *See id* (citations omitted).

On March 12, 2024, Giti filed a timely allegation of ministerial error in response to the *Original Final Results*. *See* Letter from Matthew J. McConkey, Mayer Brown LLP, to the U.S. Dep't of Commerce, entitled "*Ministerial Error Comments*" (March 12, 2024) (the "Ministerial Error Allegation"); C.R. 519. Giti restated its position, as initially communicated in its Case Brief, that the Department had " made a ministerial error when calculating the boat freight on inputs transported by boat by using a surrogate boat freight value stated on a per-kilogram basis in a calculation that multiplies the input quantity by the distance." *See* C.R. 519 at 4. Giti urged the Department to "correct this error using the per-kilogram, per-kilometer value on the record" and revise the final results of the review. *See id.*

On March 29, 2024, the Department issued a memorandum analyzing Giti's ministerial error allegation and announcing its intention to amend the *Original Final Results* in the administrative review. *See* Memorandum from Terre Keaton Stefanova, Senior International

4

Trade Compliance Analyst, Office IX, Antidumping and Countervailing Duty Operations, to James Maeder, Deputy Assistant Secretary for Antidumping and Countervailing Duty Operations, regarding "*Analysis of Ministerial Error Allegation*" (March 29, 2024) ("Ministerial Allegation Analysis Memo") P.R. 442.

In its Ministerial Allegation Analysis Memo, the Department acknowledged that it had indeed "made a ministerial error with respect to the calculation of boat freight." Ministerial Allegation Analysis Memo at 3, P.R. 442. Specifically, the Department noted that:

> {A}s Giti also noted, in our calculations we applied the boat freight SV by multiplying the input quantity in kilograms by the boat freight SV, as well as the reported distance. This is mathematically incorrect, given that the boat freight SV is stated on a U.S. dollars per kilogram basis. As such, there should be no distance component included in the calculation of the boat freight and we find our inclusion of distance in the calculation is an error in arithmetic function.

*See* Ministerial Allegation Analysis Memo at 4, P.R. 442.

In addition, the Department noted that it had "made a typographical error in Exhibit 1-B of the {surrogate value} spreadsheet by labelling that the ocean freight rate was stated on a per kilogram, per-kilometer basis" when the ocean freight surrogate value :was "actually stated on a per-kilogram basis" as it acknowledged in the Original Final Results. *See* Ministerial Allegation Analysis Memo at 3, P.R. 442. The Department restated its preference for the Maersk data (discussed in detail in paragraph 16 above) in calculating the boat freight surrogate value, saying that it "disagree[d] that there is any basis to revise the calculation of the boat freight {surrogate value}, as Giti contends, because as the petitioner noted, our use of the boat freight {surrogate value} on a per-kilogram basis was a methodological decision and, thus, not a ministerial error as defined in 19 CFR 351.224(f)." Ministerial Allegation Analysis Memo at 3-4, P.R. 442.

On March 29, 2024, the Department also released a memorandum detailing the calculations to arrive at Giti's amended weight average dumping margin. *See* Memorandum

5

from Whitley Herndon, Program Manager, AD/CVD Operations, Office IX, to The File, regarding "*Calculations for Giti for the Amended Results*" (March 29, 2024); C.R. 520.

On April 15, 2024, the Department issued the Amended Final Results. In these results, the Department determined that Giti's weight average dumping margin for the period of review was 20.52%. In the section discussing assessment rates, the Department noted that "{p}ursant to {the Department's} assessment practice, for entries that were not reported in the U.S. data submitted by Giti, we will instruct to CBP to liquidate such entries at the China-wide rate (*i.e.* 75.46)". *See* Amended Final Results at 89 Fed. Reg. 26131. The Department cited *Non-Market Economy Antidumping Proceedings: Assessment of Antidumping Duties,* 78 Fed. Reg. 65694 (Dep't of Commerce October 24, 2011) as the source of this assessment practice.

## STANDARD OF REVIEW

The Court will *not* uphold the Department's determination in a proceeding involving antidumping duties if it is "unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B). This standard and its interpretation by the courts are well-known. Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Suramerica De Aleaciones Laminadas, et al. v. United States*, 44 F.3d 978, 985 (Fed. Cir. 1994), *quoting Consolidated Edison Co, v. NLRB*, 305 U.S. 197, 229 (1938). The Court must be "assure{d} that the agency has given reasoned consideration to all the material facts and issues" and that the Department has provided a reasoned basis for the legal conclusions it draws from the facts in the record. *Greater Boston Television Corp. v. FCC*, 444 F.2d 841, 851 (D.C. Cir. 1970), *cert. denied*, 403 U.S. 923 (1971); *see also Motor Vehicles Mfrs. Ass'n v. State Farm Mut. Auto Ins. Co.*, 463 U.S. 29, 43 (1983).

Accordingly, the Court cannot evaluate the substantiality of the evidence supporting the Department's determination "merely on the basis of evidence which in and of itself justified it, without taking into account contradictory evidence or evidence from which conflicting inferences could be drawn." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487-488 (1951). Rather, it "must take into account whatever in the record fairly detracts from its weight." *Id*.

Moreover, the process by which the agency reaches its determination must be logical and rational. *Allentown Mack Sales & Sew., Inc. v. NLRB*, 522 U.S. 359, 374 (1998). The courts, therefore, will vacate as arbitrary and capricious "decisions that depart from established precedent without a reasoned explanation." *Pohang Iron and Steel Co., Ltd. v. United States*, 23 C.I.T. 778, 788-789 (1999), *quoting Graphic Commc'n Int'l Union, Local 554 v. Salem-Gravure Div. of World Color Press, Inc.*, 843 F.2d 1490, 1493 (D.C. Cir. 1988).

## ARGUMENT

### I. THE DEPARTMENT'S AMENDED FINAL RESULTS INCORRECTLY APPLIED THE SAME PER-UNIT EXPENSE FOR ALL BOAT FREIGHT REGARDLESS OF THE DISTANCE

In the *Amended Final Results*, the Department recognized that it made a mathematical error in its boat freight calculation. However, its decision to remove the distance component from the calculation of boat freight was not in line with its normal methodology. When calculating the freight on inputs, the Department's normal practice is to multiply the freight surrogate value by the distance from the supplier to the factory (or the distance from the port to the factory, whichever is shorter). *See, e.g., 1,1,1,2 Tetrafluoroethane (R-134a) from the People's Republic of China: Final Determination of the Antidumping Duty Investigation*, 82 Fed. Reg. 12,192 (Dep't of Commerce February 1, 2017), and accompanying Issues and Decision Memorandum at 22-23. The Department's practice is also plainly stated in the margin calculation program used to calculate

Giti's margin, which states "Multiply the shorter distance (the SIGMA Cap) by the mode specific transportation charge." *Giti Final Calc. Memo* at Attachment III (Final Margin Calculation Log) at Lines 1260 – 1267, C.R. 518. Giti submitted the distance information for each boat freight route in its rebuttal surrogate value submission to calculate the average per-kilogram, per-kilometer value and submitted its calculation to the Department in Excel format. *See* Letter from Matthew J. McConkey to the U.S. Dep't of Commerce, regarding "*Rebuttal Surrogate Value Comments*" (May 25, 2023), P.R. 243. As such, the Department had all of the information necessary to calculate the surrogate value for boat freight in line with its normal methodology. Moreover, the Department did not give a reasoned explanation of why it departed from its normal methodology in this case. As noted above, such an explanation is necessary whenever the Department departs from established precedent. *Pohang Iron and Steel Co., Ltd. v. United States*, 23 C.I.T. 778, 788-789 (1999), *quoting Graphic Commc'n Int'l Union, Local 554 v. Salem-Gravure Div. of World Color Press, Inc.*, 843 F.2d 1490, 1493 (D.C. Cir. 1988). Therefore, the Department's decision to remove the distance component from its calculation is both contrary to its established practice and without the necessary explanation needed to depart from its practice, and thus not appropriate.

II.     **THE DEPARTMENT'S INSTRUCTION DIRECTING CBP TO LIQUIDATE ENTRIES THAT WERE NOT REPORTED IN THE U.S. DATA SUBMITTED BY GITI AT THE CHINA-WIDE RATE IS NOT SUPPORTED SUBSTANTIAL EVIDENCE AND IS OTHERWISE CONTRARY TO LAW**

The Department's initial non-market economy antidumping questionnaire directs respondents to report export price ("EP") and constructed export price ("CEP") sales of subject merchandise to the U.S. based on the following instruction:

> "Report each U.S. sale of merchandise entered for consumption during the POR, except: (1) for EP sales, if you do not know the entry dates, report each transaction involving merchandise shipped during the POR; and (2) for CEP sales made after importation, report each transaction that has a date of sale within the POR." *See* Letter from Manuel Rey, Program Manager, AD/CVD Operations, Office IX, to Giti Tire Global Trade Pte.

8

Ltd., Giti Tire (Anhiu) Company Ltd, and Giti Tire (Fujian) Company Ltd., c/o Matthew J. McConkey, Mayer Brown LLP, regarding "*Request for Information*" at C-1 (February 2, 2023), P.R. 118.

All of Giti's sales to the U.S. during the POR were CEP sales. As such, in its U.S. sales database, Giti reported each transaction that had a date of sale within the POR as directed by the Department.

In the *Amended Final Results*, the Department noted that "{p}ursant to {the Department's} assessment practice, for entries that were not reported in the U.S. data submitted by Giti, we will instruct to CBP to liquidate such entries at the China-wide rate (*i.e.* 75.46)". *See Amended Final Results*, 89 Fed. Reg. 26131. However, because Giti properly followed the Department's questionnaire instructions and reported its U.S. CEP sales with a date of sale within the POR, there were, of course, import entries of Giti subject merchandise during the period of review that were not reported in the U.S. sales data, or that were only reported partially. Subjecting such entries to the China-wide rate is thus inappropriate, as there is no basis for application of the China-wide rate to those entries, and accordingly is not supported by substantial evidence and is not in accordance with law.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that this Court find that the Department's *Amended Final Results* are not supported by substantial evidence on the record or

9

otherwise not accordance with law, and remand the *Amended Final Results* to the Department for reconsideration consistent with the opinion of this Court.

                                        Respectfully submitted,

                                        Matthew J. McConkey
                                        MAYER BROWN LLP
                                        1999 K Street NW
                                        Washington, DC 20006
                                        (202) 263-3235
                                        mmcconkey@mayerbrown.com
                                        *Counsel to Giti Tire Global Trading Pte.*
                                        *Ltd., Giti Radial Tire (Anhui) Company*
                                        *Ltd., and Giti Tire (Fujian) Company Ltd.*

Dated: November 5, 2024

**CERTIFICATE OF COMPLIANCE WITH CHAMBERS PROCEDURES 2(B)(1)**

The undersigned hereby certifies that this brief contains 2,558 words, exclusive of the corporate disclosure statement, table of contents, table of authorities, glossary of case-specific acronyms and abbreviations, and certificates of counsel, and therefore complies with the maximum 14,000 word count limitation as set forth in the Standard Chambers Procedures of the U.S. Court of International Trade.

Matthew J. McConkey
MAYER BROWN LLP
1999 K Street NW
Washington, DC 20006
(202) 263-3235
mmcconkey@mayerbrown.com

*Counsel to Giti Tire Global Trading Pte. Ltd., Giti Radial Tire (Anhui) Company Ltd., and Giti Tire (Fujian) Company Ltd.*
*Counsel to Giti Tire Global Trading Pte. Ltd., Giti Radial Tire (Anhui) Company Ltd., and Giti Tire (Fujian) Company Ltd.*